**JOSEPH W. ROSE, ESQ.**
**STATE BAR NO. 232261**
1671 Creekside Dr, Ste 102
Folsom, CA 95630
(916) 984-7840

**WILLIAM F. WRIGHT, ESQ.**
**STATE BAR NO. 109470**
1731 J Street, Suite 250
Sacramento, CA 95814
(916) 442-8614

*Attorneys for Plaintiffs*
ANTHONY M. CARR and DANIEL G. RAPOSE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**–oo0oo–**

| | |
|---|---|
| ANTHONY M. CARR, and DANIEL G. RAPOSE, | No.: |
| Plaintiffs, *v.* | **COMPLAINT FOR UNPAID WAGES, OVERTIME, LIQUIDATED DAMAGES AND ATTORNEYS' FEES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT; AND FOR VIOLATIONS OF THE CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT LAW** |
| LAKE VALLEY FIRE PROTECTION DISTRICT; BRIAN SCHAFER and DOES 1 through 100, in their individual capacities, | **DEMAND FOR JURY TRIAL** |
| Defendants, | |
| _____/ | |

Plaintiffs ANTHONY M. CARR and DANIEL G. RAPOSE by and through their attorneys of record, complain against Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1. This is an action to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and for retirement benefits under the California Public Employees' Retirement Law, California Government Code §§ 20000 et seq.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT                    –1–

2. Original subject matter jurisdiction is conferred on this Court by Section 16(b) of the FLSA (29 U.S.C. § 216(b)) and by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

3. Subject matter jurisdiction over the allegations in the Second Count of this Complaint is conferred on this Court by 28 U.S.C. § 1338(a).

4. Venue lies within this judicial district because all of the actions complained of occurred in this judicial district and Defendants' place of business is within this judicial district.

**PARTIES**

5. Plaintiff ANTHONY M. CARR was an employee of Defendant Lake Valley Fire Protection District within the meaning of the FLSA (29 U.S.C. § 203(e)(2)(C)). At all times pertinent, Plaintiff ANTHONY M. CARR worked for Defendant Lake Valley Fire Protection District as a firefighter.

6. Plaintiff DANIEL G. RAPOSE was an employee of Defendant Lake Valley Fire Protection District within the meaning of the FLSA (29 U.S.C. § 203(e)(2)(C)). At all times pertinent, Plaintiff DANIEL G. RAPOSE worked for Defendant Lake Valley Fire Protection District as a firefighter.

7. Defendant LAKE VALLEY FIRE PROTECTION DISTRICT ("DISTRICT") is a political subdivision of the State of California organized and operating as an independent special district under the laws of the State of California. Defendant DISTRICT is a public agency within the meaning of the FLSA (29 U.S.C. § 203(x)).

8. Defendant BRIAN SCHAFER is the Fire Chief of the Lake Valley Fire Protection District. SCHAFER has general managerial responsibility and control over the day-to-day operation of the Lake Valley Fire Protection District. SCHAFER is sued in his individual capacity and not in his official capacity.

9. Plaintiffs are currently unaware of the true names and capacities of DOES 1 through 100. Plaintiffs are informed and believe that Defendants designated DOES 1 through

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT                    −2−

100 are responsible in some manner for the unlawful acts alleged herein. Plaintiffs will seek leave to amend this Complaint to add their true names and capacities when known to the Plaintiffs.

10. Defendants, and each of them, are the employers or joint employers of Plaintiffs within the meaning of the FLSA (29 U.S.C. § 203(d)), considering the total employment situation and economic realities of the employment relationship. As employers or joint employers, Defendants, and each of them, are or were responsible for compliance with the FLSA (29 C.F.R. § 791.2(a)).

11. At all times pertinent, each individual Defendant acted directly or indirectly in the interest of Defendant DISTRICT and shared control over Plaintiffs' employment.

12. At all times pertinent, Defendants, and each of them, were engaged in the operation of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. §§ 203(r)-(s)).

### ALLEGATIONS

**FIRST COUNT (ALL DEFENDANTS)**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

13. During the three years prior to the filing of this Complaint, Plaintiffs performed non-exempt work for Defendant DISTRICT as part-time firefighters. Plaintiffs were engaged in fire protection activities within the meaning of the FLSA (29 U.S.C. § 207(k)).

14. During the three years prior to the filing of this Complaint, Plaintiffs were misclassified by Defendants, and each of them, as volunteers. Plaintiffs were required to reside on a full-time basis at Defendant DISTRICT'S fire station and were not permitted to maintain a secondary residence. While residing at Defendant DISTRICT'S fire station, Plaintiffs were required to respond to emergency calls, clean and maintain Defendant DISTRICT'S facilities and equipment, complete reports, participate in training exercises, respond to other response zones to provide coverage, and perform other fire protection related work. Defendants, and each of them, required Plaintiffs to commit to provide fire protection related work to Defendants for a minimum of two years.

15. During the three years prior to the filing of this Complaint, Defendants suffered or permitted Plaintiffs to work for compensation as substitutes for absent full-time

firefighters at other fire stations owned and operated by Defendant DISTRICT, for which Defendants compensated Plaintiffs at hourly rates ranging between $6.75 and $14.50, or a flat rate of $125.00 per 24-hour shift. However, Defendants suffered or permitted Plaintiffs to perform the same or very similar work at other DISTRICT work locations with no compensation whatsoever.

16.    During the three years prior to the filing of this Complaint, Defendants, and each of them, promised Plaintiffs compensation for fire protection related work at hourly rates ranging between $6.75 and $14.50, and further induced Plaintiffs to perform some work without compensation on a "volunteer" basis by promises of future employment as full-time firefighters.

17.    At all times pertinent, Plaintiffs were not covered by any collective bargaining agreement while employed by Defendants. Further, at all times pertinent Plaintiffs were not covered by any agreement to exclude sleeping time from hours worked within the meaning of the FLSA.

18.    Defendants, and each of them, had two written policies under FLSA Section 7(k) (29 U.S.C. § 207(k)) regarding payment of overtime compensation that were applicable to Plaintiffs. One such policy provided that Defendant DISTRICT would ordinarily pay overtime compensation at a rate of one and one-half (1 ½) times Plaintiffs' base hourly rate for hours worked in excess 106 in a 14-day work cycle.  A second such policy provided that Defendant DISTRICT would pay overtime compensation at a rate of one and one (1 ½) half times Plaintiffs' base hourly rate for hours worked in excess of 53 in a 7-day work cycle plus an additional $2.00 per hour "premium pay" for emergency mutual aid "strike team" responses to other fire agency jurisdictions. Defendants, and each of them, failed or refused to pay such overtime compensation and premium pay to Plaintiffs for hours worked.

19.    During the three years prior to the filing of this Complaint, Defendants, and each of them, have required, suffered or permitted Plaintiffs to work without proper compensation as required by the FLSA.

//

//

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDERDS ACT                                    −4−

20.    During the three years prior to the filing of this Complaint, Defendants, and each of them, have failed to compensate Plaintiffs properly for overtime work they perform in excess of the maximum hours provided under the FLSA (29 U.S.C. § 207(k)).

21.    During the three years prior to the filing of this Complaint and continuing through the present, Defendants, and each of them, willfully failed and refused to properly compensate Plaintiffs for all hours worked contrary to the requirements of the FLSA and applicable Department of Labor regulations.

22.    Defendants' willful failure and refusal to compensate Plaintiffs properly for all hours worked as required by the FLSA and applicable Department of Labor regulations justifies extending the statute of limitations to three (3) years.

22.    Plaintiffs have made a written demand upon Defendants, and each of them, for proper compensation for all hours worked to which they are entitled, but Defendants, and each of them, have failed and refused to pay same.

23.    As a result of Defendants' violations of the FLSA and applicable Department of Labor Regulations, Plaintiffs have suffered and continue to suffer damages in amounts not presently ascertainable. The payroll and other employment records for Plaintiffs are within the exclusive possession, custody, and control of Defendants and Plaintiffs are presently unable to state the exact amounts owing to them. Defendants are under a duty imposed by Section 11(c) of the FLSA (29 U.S.C. § 211(c)) and applicable Department of Labor regulations to maintain and preserve payroll and other employment records from which the precise amount of damages can be ascertained.

24.    As a result of Defendants' bad faith violations of the FLSA and applicable Department of Labor regulations, Plaintiffs are entitled to liquidated damages, attorneys' fees, and costs.

**SECOND COUNT (ALL DEFENDANTS)**
**VIOLATIONS OF THE CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT LAW**
**(CAL. GOV. CODE §§ 20000 ET SEQ.)**

25.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 24, inclusive, as though fully set forth in this Second Count.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT                    −5−

26.     During the three years prior to the filing of this Complaint, Defendants, and each of them, suffered or permitted Plaintiffs to work for Defendant DISTICT on a seasonal, limited-term, on-call, emergency, intermittent, substitute, or other irregular basis and in excess of 1000 hours per calendar year or more than 125 days per diem in a calendar year.

27.     Defendants, and each of them, suffered or permitted Plaintiffs to work for Defendant DISTRICT for an average of twenty (20) or more hours per week for more than one year.

28.     Defendants, and each of them, failed to enroll or make proper contributions to the California Public Employees' Retirement System ("PERS") on behalf of Plaintiffs as required by the Public Employees' Retirement Law. Therefore, Defendant DISTRICT is now obligated under the Public Employees' Retirement Law to pay in arrears all employer and employee contributions plus administrative costs of $500 per employee to the PERS (Cal. Gov. Code § 20405, subd. (3)(B)).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.     Enter judgment for Plaintiffs and against Defendants based on Defendants' willful and bad faith violations of the FLSA;

2.     Order a complete and accurate accounting of all back pay and retirement benefits due and owing to Plaintiffs;

3.     Award Plaintiffs monetary damages in the form of back pay for unpaid wages and overtime compensation together with interest for the period of recovery;

4.     Award Plaintiffs an equal amount of liquidated damages;

5.     Award Plaintiffs their reasonable attorneys' fees and costs to be paid by Defendants; and

6.     Order Defendants to pay in arrears all appropriate employer and employee contributions plus administrative costs of $500 per employee to the California Public Employees' Retirement System.

7.    Grant such other and further relief as this Court deems just and proper.

Dated: February 23, 2005.

_____
JOSEPH W. ROSE, ESQ.

/s/ William F. Wright as authorized on 2/23/05
WILLIAM F. WRIGHT, ESQ.

Attorneys for Plaintiffs
ANTHONY M. CARR and
DANIEL G. RAPOSE

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT                    −7−